### 12443

### GRAYDON v. STANDARD BUILDING & LOAN ASSOCIATION

#### (143 S. E., 259)

USURY—SMALL OVERPAYMENT BY WAY OF INTEREST, PARTLY DUE TO MISCALCULATION, HELD NOT TO WARRANT JUDGMENT FOR STATUTORY PENALTY FOR USURY.—In action against Building and Loan Association for judgment for statutory penalties for alleged usury by reason of overcharge by way of interest on loan, plaintiff *held* not entitled to recover under evidence showing that if there was any overpayment it was an amount of a few dollars, some of which could be due to small miscalculations.

Before WHALEY, J., County Court of Richland, June, 1927. Affirmed.

Action by William N. Graydon aginst the Standard Building & Loan Association. Judgment for defendant, and plaintiff appeals.

Following are the complaint, the answer, the decree of Judge Whaley, and the appellant's exceptions:

#### COMPLAINT

The plaintiff above named, by this his amended complaint, amended as a matter of course within 20 days after the

original complaint was served, complaining of the above-named defendant, alleges:

I. That the plaintiff is a resident and citizen of the County and State above named.

II. That the Standard Building & Loan Association, defendant herein, is a corporation organized and existing under and by virtue of the law of South Carolina, and is and was at the time herein mentioned engaged in the lending of money and a general banking business in the County and State aforesaid.

III. That on or about 23d day of December, 1918, the plaintiff borrowed from the defendant herein the sum of fifty-five hundred ($5,500.00) dollars on his property at No. 1620 Gervais street, Columbia, S. C., and gave a mortgage thereon and agreed to pay thereon 8 per cent. interest.

IV. That although defendant agreed to accept 8 per cent. interest it collected from this plaintiff an amount far in excess of 8 per cent., an amount which was illegal, usurious, unlawful, and outrageous, and that this plaintiff is entitled to a return of said usurious interest, so paid under protest, in double the amount paid, and that said amount so paid by way of usury was at least more than the sum of four thousand dollars, but in order to bring this case within the jurisdiction of the County Court, the plaintiff only asks the sum of three thousand dollars.

Wherefore the plaintiff asks judgment for the sum of three thousand dollars, and the costs of this action.

## ANSWER

The defendant Standard Building & Loan Association answering the complaint in the above-entitled action, alleges:

For a first defense:

(1) This defendant denies each and every allegation contained in the complaint, except that it admits that it is a corporation organized solely for the purpose of carrying on a

mutual savings association, having no stockholders except those who participate in its ownership, operation, and earnings.

(2) It admits further that heretofore, during the month of December, 1918, the plaintiff, Wm. N. Graydon, borrowed from the defendant the sum of fifty-five hundred ($5,500.-00) dollars, secured by a certain mortgage on the property located on Gervais street, in the city of Columbia, S. C.

For a second defense:

For a second defense and further answering the complaint herein, this defendant alleges:

(1) That the plaintiff, Wm. N. Graydon, borrowed from this defendant the sum of fifty-five hundred ($5,500.00) dollars on the 11th day of December, 1918, and therein and thereby became a stockholder in said association and entitled to the profits as determined and declared by the board of directors from time to time.

(2) That in and by the mortgage, bond, and agreement, dated the 11th day of December, 1918, signed by the said plaintiff, it agreed as follows:

"I have subscribed to income stock of said association agreeing to make monthly deposits thereon, subject to the rules, regulations and by-laws of said association, which subscriptions to and deposits on said income stock I have pledged and assigned to said association as collateral security for the payment of said amount borrowed by me as aforesaid.

"And it is understood and agreed that I will deposit or cause to be deposited on said income stock of said Standard Building & Loan Association on or before the sixth business day of each calendar month during the continuance of said loan, the sum of not less than sixty-six and no/100 dollars per month and the aggregate of same, together with the dividend earned, as determined by the board of directors, to be applied by said association on the 30th day of June

and the 31st day of December during the continuance of this loan, as follows:

"First.   To the payment of interest on said loan for the six months or fraction thereof at the rate of 8 per cent. per annum, together with interest on unpaid interest at the same rate per cent. per annum.

"Second.   To the payment, at the option of said association, of such taxes, assessments, or insurance premiums as may be in default on the property pledged to secure this obligation.

"Third.   The balance of said amount to the payment to that extent as a credit on the principal of this loan.

"The said monthly deposits to continue until this loan, together with the interest and all taxes pledged, shall be fully paid, then the said obligation to be void and of none effect, or else to remian in full force and virtue.

"And I do hereby authorize and empower said Standard Building & Loan Association, its certain attorneys, successors or assigns, to apply during the continuance of this loan, the deposits above mentioned and described in the manner herein stated and as set forth in the bond of even date herewith, hereby agreeing to abide by the rules, regulations and by-laws of Standard Building & Loan Association."

(3) This defendant alleges that the said plaintiff made certain payments from time to time, and although becoming in arrears on numerous occasions that this defendant did not attempt to in anywise foreclose the mortgage held by it, but aided and assisted in every manner in carrying the said loan until it was paid.

(4) That as provided in the bond, mortgage, and agreement above mentioned, interest was collected at all times at the rate of 8 per cent., and for no other or further amount. And in addition thereto there was credited to the account of said Wm. N. Graydon and deducted from the amount due by him certain sums as dividends, as determined by

the board of directors, amounting in the aggregate to a sum of money that brought the agreed amount of 8 per cent. as stipulated in said bond, mortgage, and agreement.

(5) This defendant specifically denies that it charged or collected from said plaintiff any sum of money exceeding the rate of 8 per cent. as agreed upon and as allowed by the laws of the State of South Carolina.

Wherefore this defendant prays that the complaint herein be dismissed, with costs.

### ORDER AND DECREE

This is a suit in which the plaintiff alleges an overcharge of two hundred ($200.00) dollars by way of interest and claims in his complaint, the statutory penalties for usury amounting to a total demand of three thousand ($3,000.00) dollars.

The case involved an accounting or calculation running over a period of nearly seven years, the loan having been made on December 11, 1918, and a final payment made on October 28, 1925. By a consent order, the case was referred to J. C. Townsend, Master for Richland County, to take the testimony and report the same to this Court. A full hearing has been had and I have given considerable time in making calculations of the transaction between the parties over this period of years.

The amount of the loan was fifty-five hundred ($5,500.-00) dollars, on what is known as the building and loan partial payment plan. This is not the ordinary plan of loan that formerly was made by building and loan associations as is found explained in the cases of *Bird v. Kendall,* 62 S. C., 192; 40 S. E., 142, or *Association v. Holland,* 65 S. C., 448; 43 S. E., 978. The plan agreed upon required monthly payments of sixty-six ($66.00) dollars, which were to be paid by the defendant association, and at the end of each six months' period, June 30th and December 31st, applied under the written agreement as follows:

"That the aggregate amount of the monthly payments together with the dividend earned, as determined by the board of directors, to be applied by said association on the 30th day of June and 31st day of December, during the continuance of the loan ———."

First. To the payment or interest on said loan for the six months or fraction thereof at the rate of eight (8%) per cent. per annum.

Second. To the payment of any taxes or premiums on policies of insurance unpaid by the plaintiff.

Third. The balance to be applied as a payment on the principal debt. The dividends declared through the period of the loan ran at the rate of six (6%) per cent., or three (3%) per cent. semiannually.

It appeared from the testimony that irregular payments were made by the plaintiff from time to time, beginning in 1918, and finally in October, 1925, he desired to pay up the loan in full. It appears that the parties had some conferences and correspondence in attempting to arrive at the balance due, and the amount finally claimed by the defendant was thirty-eight hundred, seventy-seven and 40/100 ($3,877.-40) dollars, which amount was paid and the mortgage held by the defendant association satisfied.

This suit was then begun, claiming an overcharge of two hundred ($200.00) dollars and for statutory penalties. At the hearing before the Master calculations were made and placed in evidence by a certified public accountant on behalf of the plaintiff. After giving full consideration and study, and, making calculations· from every viewpoint of the transaction, I am of opinion that the plaintiff is not entitled to recover.

If the interest is calculated according to the written agreement of the parties and the dividends allowed as therein provided for, it appears that the plaintiff overpaid 84 cents.

If the interest is calculated, not by the agreement, but as a test of what should have been calculated by the rule laid down in our decisions, it will be seen that every one who calculated, though it was a matter of arithmetic only, varied in results obtained. The amounts obtained in these calculations as showing overpayment were as follows:

By plaintiff's calculation ......................$108.00
By plaintiff's attorney ........................ 119.91
By plaintiff's accountant ...................... 8.12
by defendant's accountant ..................... 4.93
By the Court .............................. 11.87

It would appear as a matter of fact, taking the result at which I arrived, and after checking as carefully as I could the results of the others, except that of the plaintiff, which was never introduced in evidence, that, if there was any overpayment, it was an amount of a few dollars, and even then some of that could be due to small miscalculations here and there in what was relatively a long calculation extending over a period of seven years.

The mere fact that one might find a small overpayment, small in proportion to the aggregate amount involved, does not necessarily prove that there is usury. When one takes into consideration all of the circumstances and the different results that were arrived at, thus indicating that a mistake could easily have been made, even by the Court and others who made the calculations, I cannot say that there was usury and penalize defendant in the sum of several thousand dollars. To so hold here would be tending to make of the usury statute a sword instead of a shield when it was so intended for the latter purpose only. The only usury alleged in the transaction is the calculation made at the final closing up of the matter.

There was no agreement directly or indirectly to charge. and secure more than the statutory rate. The only testimony offered in the case concerns an error in calculation at the time of the final closing of the transaction.

In the case of *Merchants' Bank v. Sarratt,* 77 S. C., 145; 57 S. E., 621; 122 Am. St. Rep., 562, the Supreme Court of South Carolina uses the following language:

"But the calculation of an excess of interest on account of a mistake in the computation or other error, in fact, against the intention of the party, will not support the charge of usury."

I am, therefore, of opinion that the claim of the plaintiff should be denied.

It is ordered, adjudged, and decreed, that the complaint herein be dismissed, and the prayer for relief denied.

### EXCEPTIONS AND GROUNDS OF APPEAL

I. Because the Judge erred in stating in the beginning of his order or decree that the plaintiff alleges an overcharge of two hundred dollars, when no such allegation was made in the complaint, but, on the contrary, it was alleged that he had borrowed from the Building & Loan Association the sum of fifty-five hundred dollars, for which he had agreed to pay 8 per cent. interest, but that they had overcharged him, and charged him an amount greatly in excess of 8 per cent., and that it was liable for double the amount of interest overcharged, and, in order to bring the case within the jurisdiction of the County Court, suit was brought for only three thousand dollars.

II. Because it was error in the Judge to hold that the money borrowed on what is known as the Building & Loan partial payment plan, and that it was not the ordinary plan of loan that was formerly made by building and loan associations as is found explained in the cases of *Bird v. Kendall,* 62 S. C., 192; 40 S. E., 142, or *Association v. Holland,* 65 S. C., 448; 43 S. E., 978, when it was exactly the same plan that has always prevailed in such cases, and that has always prevailed in South Carolina, and that has been held to be the law of this State for many years, and it was error in his Honor not to so hold.

III. Because it was error in his Honor to hold that irregular payments were made by the plaintiff from time to time, when the testimony showed that there was not a single year that partial payments had not been paid, more than sufficient to discharge all interest due and part of the principal.

IV. Because his Honor erred in holding that, after the entire amount had been paid to said association, suit was begun claiming an overcharge of $200, and for statutory penalties, when no such claim was made, and no such relief prayed for, there being no allegation in the complaint praying for a penalty, and the action having been brought under Section 3639 of the Civil Code of South Carolina.

V. Because his Honor erred in holding and deciding that, after giving full consideration and study from every point of view of the transaction, he was of the opinion that the plaintiff was not entitled to recover, when he should have held that, after full consideration, he was satisfied that the plaintff was entitled to recover.

VI. Because it was error in the Court, having found as matter of fact, that by plaintiff's calculation there was $108 overpaid, by plaintiff's attorney $119.91, by plaintiff's accountant $8.12, by defendant's accountant $4.93, and by the Court itself $11.87, overpaid, it was the duty of the Court to render judgment in favor of the plaintiff for the full amount sued for, and it was error in the Court to dismiss the complaint.

VII. Because his Honor having found as matter of fact that, if there was any overpayment, it was an amount of a few dollars, and even then some of that could be due to small miscalculations here and there in what was relatively a long calculation extending over a period of seven years, he erred in dismissing the complaint, because the period of time did not extend over seven years, but only six years and nine months, and the whole account being in writing, there was no reason for making any miscalculation, but the whole

calculation could have been made certain, and it was error in his Honor to decide the issue as he did, but it was his duty to make an accurate calculation, and make that certain which was certain.

VIII. Because it was error to hold and decide that the fact that different results were arrived at by the different calculators was sufficient to make him guess at the result, instead of making an accurate calculation himself, which as a Judge he was bound to do, and he erred in not so holding and deciding.

IX. Because his Honor erred in saying and deciding as follows:

"I cannot say that there was usury and penalize defendant in the sum of several thousand dollars. To so hold here would be tending to make the usury statute a sword instead of shield when it was so intended for the latter purpose only."

The error being that the Judge construed the statute as being a sword, when it was intended for a shield only, the statute having been passed over one hundred years ago, and intended to protect persons in necessitous circumstances, and to punish persons who take advantage of persons having to borrow money. The usury statute was in force in 1806, and long before that time, and the Court was in error in charging that the statute was a sword when it was intended for a shield only.

(10) Because his Honor erred in holding that there was no agreement, express or implied, to charge and receive more than the statutory rate, and that the only testimony offered in the case concerns an error in calculation at the time of the final closing of the transaction, when the testimony of the plaintiff showed that he frequently told the agent of the defendant that they had overcharged him interest, and that he notified him that the defendant would be held for usury.

(11) That his Honor erred in his construction of the case of *Merchants' Bank v. Sarratt,* 77 S. C., 145; 57 S. E., 621; 122 Am. St. Rep., 562, when he quoted it as holding

that it applied to the case at bar, when it applied to a totally different case when the alleged usury charged in that case only applied to a small overcharge, owing to a mistake of the party, contrary to his intentions which the Court in that case held would not support a plea of usury.

EXCEPTIONS TO SETTLEMENT OF CASE BY PRESIDING JUDGE

(1) Because it was error in the Judge to require the plaintiff-appellant to print the testimony of W. C. Rion in full, in question and answer form, instead of being stated without the testimony, the facts being undisputed, and the order of the Judge not being stated without the testimony, in conformity with Section 4 of Rule 4 of the Supreme Court.

(2) Because the Judge erred in requiring the testimony of J. S. McIntosh, a witness for the plaintiff, to be printed in question and answer form, the same being without contradiction, and a simple statement of the testimony being all that was necessary to cover the points in the case, and the same being contrary to Section 4, Rule 4, of the Rules of the Supreme Court.

*Mr. Wm. N. Graydon,* for appellant, cites: *"Usury":* 15 S. C., 462; 12 Rich. Eq., 124; 30 S. C., 61; 38 S. C., 173; 30 S. C., 391; 72 S. C., 362; 76 S. C., 450; 65 S. C., 453; 65 S. C., 515; 62 S. C., 192. *To determine whether usurious or not:* 92 S. C., 338; 65 S. C., 448; 104 S. C., 239; 110 S. C., 569; 114 S. C., 262; 129 S. C., 193; 132 S. C., 276; 133 S. C., 129; 2 McCords Chan., 9, 10; 135 S. C., 292; Id., 190.

*Messrs. Thomas & Lumpkin,* for respondent, cite: *As to computation of interest:* 15 R. C. L., 31; 10 L. Ed., 200; *Venables Practical Arithmetic* (Ed. 1873), 245; *Twentieth Century Bookkeeping* (15th Ed.), 128; 77 S. C., 143. *Exaction of more than legal interest through mistake does not constitute usury:* 27 R. C. L., 22; 76 S. C., 450; 68 S. C., 110; 118 S. E., 454. *Eight per cent discount in advance ap-*

*proved by Courts:* 15 R. C. L., 12; 55 S. C., 132; 126 S. E., 487. *Collection of interest on interest permitted:* 110 S. C., 572; 132 S. C., 276. *Relationship between stockholder and building and loan association:* 62 S. C., 192; 65 S. C., 453. *"Usury":* 27 R. C. L., 208; 7 L. Ed., 833. *Cases distinguished:* 114 S. C., 362; 135 S. C., 190; 129 S. C., 193.

May 7, 1928.

The opinion of the Court was delivered by Mr. Justice Carter.

This action by the plaintiff, Wm. N. Graydon, against the defendant, Standard Building & Loan Association, was commenced in the County Court for Richland County by service of summons and complaint for the purpose of recovery of judgment against the defendant in the sum of $3,-000 under allegations of usury. The case, by consent, was referred to the Master of Richland County for the purpose of taking the testimony and reporting the same, and upon the testimony reported by the Master the case was heard by Hon. M. S. Whaley, Judge of the County Court, who decided the issues adverse to the plaintiff's contention. From this order of his Honor, Judge Whaley, the plaintiff has appealed to this Court.

A careful study of the facts involved in the case, as disclosed by the transcript, convinces us that the conclusion reached by Judge Whaley was correct, and, for the reasons stated in the decree of his Honor, the appellant's exceptions are overruled. Also the exceptions to the order settling the case for appeal are overruled.

It is, therefore the judgment of this Court that the judgment of the County Court of Richland County be and is hereby affirmed.

Mr. Chief Justice Watts, and Messrs. Justices Cothran, Blease, and Stabler concur.